IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DISTRICT

ADAN VILLEGAS                                                                           PETITIONER

v.                                                          CIVIL ACTION NO. 5:19-cv-7-DCB-MTP

WARDEN SHAWN GILLIS                                                                 RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition of Adan Villegas for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be DENIED, the Emergency Motion for Immediate Release [9] be DENIED, and this action be DISMISSED without prejudice.

## BACKGROUND

On September 17, 1997, Petitioner was sentenced in the United States District Court for the Northern District of Indiana for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Petition [1-2]. On January 29, 2019, Petitioner filed this habeas action challenging the Federal Bureau of Prisons' ("BOP") calculation of his good conduct time credit, arguing that he should have been released December 29, 2018. [2] at 3-4. Petitioner also filed an Emergency Motion for Immediate Release [9] on April 3, 2019. Respondent filed responses to the Petition [11] and the Motion [9] arguing that this action should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his Petition.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.

1

1994); *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). *See also Herrera-Villatoro v. Driver*, 269 Fed.App'x 111, 112 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id.*

Respondent submitted a declaration of Rosalind Ellington, an Administrative Remedy Specialist in the BOP's Central Office. [11-1]. According to Ellington, the Adams County Correctional Center ("ACCC") has a multi-step administrative process for resolving prisoner complaints. An inmate must first submit a grievance to the ACCC contractor.[1] If unsatisfied with the contractor's response, the inmate may appeal to the BOP's Privatization Management Branch, using Remedy Form BP-230. *Id.* at 2. Finally, the inmate may appeal to the BOP's Office of General Counsel, using Administrative Remedy Form BP-231. *Id.*

Ellington states that Petitioner "has not filed any remedies concerning the calculation of his good-conduct time credits." *Id.* at 3. Petitioner does not contend that he exhausted his administrative remedies. Instead, he argues it would be "futile" and cause "irreparable harm" for him to follow the administrative process. [2] at 5. This contention is premised on his belief that the Core Civic Grievance Office "constantly" loses inmates' grievances and that he should have

---

[1] Ellington states that the BOP contracts with Core Civic to house federal inmates at ACCC, which is contractor-owned and operated.

been released in December of 2018. These assertions do not demonstrate the extraordinary circumstances required to excuse his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. Additionally, the Administrative Remedy Specialist's declaration and records indicate that Plaintiff has filed at least three grievances regarding separate incidents. [11-1] at 3. These filings show that Plaintiff knew the proper channels for filing grievances and that they were properly accepted and recorded by the Civic Core Grievance Office in the past, contrary to Plaintiff's conclusory allegations.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED, the Emergency Motion for Immediate Release [9] be DENIED, and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 5th day of August, 2019.

/s/ Michael T. Parker
Unites States Magistrate Judge