**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DISTRICT**

**ADAN VILLEGAS**                                                     **PETITIONER**

**v.**                                   **CIVIL ACTION NO. 5:19-cv-7-DCB-MTP**

**WARDEN SHAWN GILLIS**                                          **RESPONDENT**

ORDER

THIS CAUSE is before the Court on Petitioner Adan Villegas'
Writ of Habeas Corpus [Doc. 1], Petitioner's Emergency Motion
for Immediate Release [Doc. 9], and the Magistrate Judge Michael
T. Parker's unopposed Report and Recommendation [Doc. 12].
Having reviewed the Petitioner's Writ of Habeas Corpus and
Emergency Motion for Immediate Release, this Court finds that
the Petition for Writ of Habeas Corpus be DENIED and the
Emergency Motion for Immediate Release be DENIED, and that this
action be DISMISSED without prejudice.

Petitioner filed this habeas action challenging the Federal
Bureau of Prisons' ("BOP") calculation of his good time credit
on January 29, 2019. Petitioner argues that he should have been
released on December 29, 2018. He filed an Emergency Motion for
Immediate Release [Doc. 9] on April 3, 2019. Respondent filed
responses to the Petition and Motion arguing that this action
should be dismissed because Petitioner failed to exhaust his
administrative remedies.

A federal inmate must exhaust his administrative remedies. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). There is a multi-step administrative process to resolve prisoner complaints: (1) the inmate must first submit a grievance to the ACCC contractor, (2) the inmate may then appeal that decision with the BOP's Privatization Management Branch, using Remedy Form BP-230, (3) the inmate may then appeal to the BOP's Office of General Counsel, using Administrative Remedy Form BP-231. [Doc. 11-1]. According to Rosalind Ellington, an Administrative Specialist in the BOP's Central Office, Petitioner has "not filed any remedies concerning the calculation of his good-conduct time credits." Id.

Petitioner does not contend that he exhausted his remedies but argues that it would futile and cause irreparable harm for him to follow the administrative process. This claim is based on his belief that the Core Civic Grievance Office "constantly" loses inmates' grievances. This is not an extraordinary circumstance that could excuse a failure to exhaust administrative remedies. See Fuller 11 F.3d at 62(explaining that exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the Petitioner bears the burden of demonstrating the futility of administrative review).

Accordingly, the Court finds that the case should be dismissed with prejudice for failure to exhaust state administrative remedies.

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [Doc. 12] is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that a Final Judgment dismissing the case with prejudice will be entered on even date herewith;

SO ORDERED this the 19th day of September, 2019.


                                    ___/s/ David Bramlette_____
                                    UNITED STATES DISTRICT JUDGE